UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **HOWARD LEN LIPPTON** | **CIVIL ACTION NO. 25-0816** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **JESSICA DAVIS, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Plaintiff Howard Len Lippton, who proceeds pro se and in forma pauperis,[1] filed this proceeding on approximately June 9, 2025, under 42 U.S.C. § 1983. He names the following defendants: Assistant District Attorney Jessica Davis, Benton Police Department, Bossier Parish District Attorney's Office, Lieutenant Cesar Mora, and Officer Eric Smith.[2] For reasons that follow, the Court should stay Plaintiff's claims of evidence tampering, failing to disclose exculpatory evidence, and prosecutorial misconduct. The Court should dismiss Plaintiff's remaining claims, including his request to preserve evidence.

### Background

Plaintiff claims that on January 28, 2024, Officer Eric Smith "responded to a disturbance call" yet failed to view and collect all evidence from the scene, including complete body camera

---

[1] Plaintiff was a prisoner at Bossier Maximum Security Center when he filed this proceeding. He states that he was released on bond on June 12, 2025. [doc. # 9, p. 6].

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

footage, forensic analysis reports of fingerprints, DNA, 911 call recordings and communication logs, "geo-verification data," a geolocation of a photograph, a log of "times Plaintiff called and received a call from" a taxi driver, surveillance video, fingernail scrapings, and images of a bathroom.  [doc. # 1, p. 3].  Plaintiff adds, "Officer Smith failed to secure the crime scene, did not observe it during his initial visit, and only returned for a second examination four hours later." *Id.*

Plaintiff has criminal charges pending against him in the 26th Judicial District Court, Bossier Parish, stemming from the incident on January 28, 2024.  [doc. #s 1, p. 3; 9, pp. 1, 2].  He states that his trial "was continued to 2026."  [doc # 9, p. 1].

Plaintiff's overarching claim in his amended pleadings appears to be that Officer Smith, Lieutenant Mora, and Assistant District Attorney Jessica Davis failed to return his red flash drive, which contains "highly probative and exculpatory" information and which was initially collected as evidence relating to his pending charges.  [doc. #s 9, pp. 1, 2, 3, 5; 10, p. 5].  He adds that while other *Brady* material was returned to him, "ADA Davis and BPD persist in refusing the return of the flash drive and its contents . . . ." *Id.* at 4.

Plaintiff similarly claims that all Defendants "suppressed, concealed, and failed to disclose material exculpatory evidence, including traffic-cam data, E911 recordings, and crime scene photos . . . ."  [doc. #s 9, p. 5; 10, p. 5].  He also alleges that ADA Davis and the District Attorney's Office "knowingly permitted systemic Brady violations[,]" refusing to compel evidence production from the police department.  *Id.*

Plaintiff appears to claim that Defendants Smith and Mora tampered with evidence by "truncating bodycam footage, delaying scene examination, concealing traffic-cam data, and tampering with crime-scene photographs . . . ."  [doc. # 9, p. 5].

2

Plaintiff claims that ADA Davis "failed to compel the Benton Police Department or Bossier Parish Sheriff's Office to conduct a thorough crime scene investigation." [doc. #s 1, p. 3; 9, p. 4].

Plaintiff claims that the Bossier Parish District Attorney's Office "fails to enforce Brady compliance protocols or train prosecutors on seeking exculpatory evidence." [doc. # 9, p. 4].

In an amended pleading, Plaintiff "requests an emergency order preserving all traffic-cam data, full body-cam footage, E911 recordings, forensic reports, dispatch logs, crime-scene photographs, and the red-covered flash drive." [doc. # 9, p. 6]. He also seeks compensation, punitive damages, the "immediate production of all missing Brady material and investigative results," an order compelling defendants to comply with discovery and disclosure obligations, an order compelling the state court to grant his motion to quash his preliminary examination, a declaratory judgment, an independent forensic examination of his flash drive and crime scene photographs, preservation of all evidence, and an investigation and report on evidence concealment and property retention. [doc. #s 1, p. 4; 9, p. 7].

## Law and Analysis

**1. Preliminary Screening**

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is

"based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id.*  A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).  "[U]nadorned, the-defendant

unlawfully-harmed-me accusation[s]" will not suffice.  *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).  Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted).  Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions."  *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Benton Police Department**

Plaintiff names Benton Police Department as a Defendant.  Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ."  Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership."  LA. CIV. CODE art. 24.

Here, Benton Police Department does not qualify as a juridical person.  *See Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . ."); *Aucoin v. Terrebonne Par.*

5

*Sheriff's Off.*, 2022 WL 16657429, at *1 (5th Cir. Nov. 3, 2022).  Accordingly, the Court should dismiss Plaintiff's claims against this entity.

### 3. Negligent Investigation

Plaintiff claims that Officer Eric Smith "responded to a disturbance call" yet failed to view and collect all evidence from the scene.  Plaintiff adds, "Officer Smith failed to secure the crime scene, did not observe it during his initial visit, and only returned for a second examination four hours later."  He relatedly claims that ADA Davis "failed to compel the Benton Police Department or Bossier Parish Sheriff's Office to conduct a thorough crime scene investigation."

To the extent Plaintiff faults Smith and Davis for a negligent investigation, he fails to state a plausible claim. There is no freestanding right to be free from a negligent or even reckless investigation.  *Hernandez v. Terrones*, 397 F. App'x 954, 966 (5th Cir. 2010).  Likewise, there is no freestanding claim that officers ignored exculpatory evidence.  *Id.*  Rather, these allegations may only color a false-arrest/malicious-prosecution claim.[3]  *Id.* ("We did not hold that the negligent investigation and ignoring of exculpatory evidence in *Sanders* were freestanding constitutional violations, rather, they were conduct supporting Sanders' claims for false arrest and illegal detention.").

---

[3] Plaintiff does not appear to raise a false arrest or malicious prosecution claim.  Even assuming he did, the undersigned would recommend staying the claim(s) because such claims are essentially collateral attacks on a criminal judgment's validity.  *See Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (citing *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583 (5th Cir. 2012)); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime he was convicted of], would demonstrate the invalidity of [the conviction]."); *see also Wallace v. Kato, infra.*

6

Here, to the extent Plaintiff seeks to raise "freestanding" claims of negligent investigation, reckless investigation, and/or ignoring exculpatory evidence unmoored from any allegation of false arrest/malicious prosecution, the Court should dismiss the claims.

**4.** *Wallace v. Kato*

Plaintiff appears to claim that Defendants Smith and Mora tampered with evidence by "truncating bodycam footage, delaying scene examination, concealing traffic-cam data, and tampering with crime scene photographs . . . ."

Plaintiff claims that Officer Smith, Lieutenant Mora, and Assistant District Attorney Jessica Davis failed to return his red flash drive containing "highly probative and exculpatory" information. He similarly claims that all defendants "suppressed, concealed, and failed to disclose material exculpatory evidence, including traffic-cam data, E911 recordings, and crime scene photos . . . ." He alleges that ADA Davis and the District Attorney's Office "knowingly permitted systemic Brady violations[,]" refusing to compel evidence production from the police department. He claims that the Bossier Parish District Attorney's Office "fails to enforce Brady compliance protocols or train prosecutors on seeking exculpatory evidence."

As above, Plaintiff's criminal charges remain pending. In that vein, Plaintiff writes, "Under *Wallace v. Kato*, 549 U.S. 384 (2007), this Court may stay this § 1983 action pending state proceedings unless extraordinary circumstances exist." [doc. # 9, p. 6].

If Plaintiff is convicted of his pending charges, he may not be entitled to seek relief for the claims above until any convictions are reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. A successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed,

7

expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994).

While the rule in *Heck* does not extend to pending criminal matters, successful claims under Plaintiff's allegations could necessarily imply the invalidity of any future convictions.[4] *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (finding that the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

Prevailing on the claims that defendants withheld, and continue to withhold, exculpatory evidence could necessarily imply the invalidity of a conviction because the claims are essentially collateral attacks on a criminal judgment's validity. *See Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994) ("[H]is complaint also alleges that Sheriff Coleman and Investigator Brinkley violated Boyd's rights by withholding exculpatory evidence obtained during the investigation of Bobby Rogers' murder. If proved, these claims would call Boyd's conviction into question under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny.").

Next, Plaintiff's claims that Defendants Smith and Mora tampered with evidence could also imply the invalidity of a conviction. *See Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004) (holding that *Heck* barred a Plaintiff's claims of evidence tampering, concealment, and perjury because a decision granting the claims "would necessarily imply that her conviction was invalid").

Plaintiff also suggests that ADA Davis engaged in prosecutorial misconduct. Prevailing

---

[4] A successful claim will not necessarily imply the invalidity of a conviction "if the factual basis for the conviction is temporally and conceptually distinct from" the claim. *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008).

on this claim could necessarily imply the invalidity of a future conviction as well. *See Phillips v. State of Texas*, 2021 WL 1975857, at *2 (5th Cir. May 17, 2021) (finding that *Heck* barred a plaintiff's claims that (1) his counsel and the prosecution conspired to convict him and (2) that the prosecution engaged in prosecutorial misconduct leading to his conviction); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 680 (5th Cir. 1988) (finding, where the plaintiff alleged that his attorney conspired with the prosecution and the judge, that the indictment was unlawfully amended, that his counsel was ineffective, and that the prosecutors engaged in misconduct, that "[a]ll of his allegations challenge the validity of his conviction . . . .").

Federal courts should stay civil rights claims that attack the legality of a detainee's arrest, prosecution, and detention until the allegedly improper state prosecution concludes. *See Kato*, 549 U.S. at 393-94. Critically, "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim *related to* rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended." *Id.* (emphasis added); *see Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (opining that courts *should* stay proceedings "until the pending criminal case has run its course . . . .").

Here, Plaintiff's claims are *related to* rulings that will likely be made concerning his pending charges. Moreover, Plaintiff even requests a stay of his claims. Accordingly, the Court should stay these claims pending the outcome of Plaintiff's ongoing criminal prosecution.[5]

---

[5] *See Mackey*, 47 F.3d at 746 ("At this point it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck*. . . . The court [should] stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two."); *Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996) ("[I]f some presently unforeseen or unarticulated conflict arises between the criminal retrial and the pending § 1983 case, the district court may consider the propriety of a stay . . . .").

**5. Request to Preserve Evidence**

In an amended pleading, Plaintiff "requests an emergency order preserving all traffic-cam data, full body-cam footage, E911 recordings, forensic reports, dispatch logs, crime-scene photographs, and the red-covered flash drive." [doc. # 9, p. 6].

Plaintiff, however, does not state a claim on which relief may be granted or otherwise connect this request to any cognizable claim. Nor does he identify a Defendant(s) he wants to enjoin. The Court should therefore deny this request.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Howard Len Lippton's claims of evidence tampering, failing to disclose exculpatory evidence, and prosecutorial misconduct be **STAYED** under the following conditions:

> a. If Plaintiff intends to proceed with these claims, he must, within thirty (30) days of the date the criminal proceedings against him conclude, file a motion to lift the stay;
>
> b. If the stay is lifted and the Court finds that Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed absent some other bar to suit;
>
> c. Plaintiff should not file any more documents concerning these particular claims (other than an objection to this Report and Recommendation if he chooses) in this action until the state court proceedings conclude; and
>
> d. Defendants shall not be required to answer these claims during the stay, and Plaintiff may not seek a default judgment or conduct any discovery during the stay.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims, including his request to preserve evidence, be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 15th day of August, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge